IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **CHERI ARGYLE,**<br><br>           **Plaintiff,**<br><br>v.<br><br>**MICHAEL J. ASTRUE,**<br>**Commissioner of Social Security,**<br><br>           **Defendant.** | **MEMORANDUM DECISION**<br>**AND ORDER**<br><br><br>**Case No. 2:10-cv-947-DBP**<br><br><br><br><br>**Magistrate Judge Dustin B. Pead** |

  Both parties in this case consented to having a United States Magistrate Judge conduct all proceedings in the case, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit. (*See* docket no. 16.) Consequently, this case has been assigned to Magistrate Judge Dustin B. Pead pursuant to 28 U.S.C. § 636(c) and rule 73 of the Federal Rules of Civil Procedure. (*See* docket no. 25.)

  Before the court is Cheri Argyle's ("Plaintiff") appeal of Michael J. Astrue's ("Commissioner") final decision denying Plaintiff's claims for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, *see* 42 U.S.C. §§ 401-434, and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, *see id*. §§ 1381-1383f. After careful consideration of the written briefs and the complete record, the court has determined that oral argument is unnecessary in this case.

## BACKGROUND

On September 28, 2006, Plaintiff applied for DIB and SSI, alleging disability beginning on February 1, 2006. (*See* docket no. 9, Administrative Record ("Tr. ___") 120-131.) On October 5, 2006, Plaintiff's application for SSI was denied because she had resources that exceeded the limit for SSI. (*See* Tr. 52-56.) Consequently, only Plaintiff's claim for DIB moved forward after that date. Plaintiff's application for DIB was denied initially and upon reconsideration. (*See* Tr. 47-48.) In September 2007, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), and that hearing was held on October 22, 2008. (*See* Tr. 23-46, 66.) On November 19, 2008, the ALJ issued a written decision denying Plaintiff's claim for DIB. (*See* Tr. 10-22.) The Appeals Council denied Plaintiff's request for review on July 26, 2010, (*see* Tr. 1-3), making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 42 U.S.C. § 405(g); 20 C.F.R. § 404.981.

On September 24, 2010, Plaintiff filed her complaint in this case. (*See* docket no. 2.) Based on Plaintiff's failure to serve the complaint on the Commissioner within the time allotted by the Federal Rules of Civil Procedure, the court issued an order to show cause on July 13, 2011. (*See* docket no. 3). Plaintiff responded to the order to show cause on July 22, 2011. (*See* docket nos. 4-5.). Subsequently, the court issued an order requiring Plaintiff to properly serve the complaint within thirty days of the order. (*See* docket no. 6.) On October 14, 2011, Plaintiff filed notice of proper service of the complaint. (*See* docket no. 7.) The Commissioner filed his answer on October 20, 2011, and the court received the Administrative Record the same day. (*See* docket nos. 8-9.) Plaintiff filed her opening brief on January 11, 2012. (*See* docket no. 19.)

After receiving an extension of time, the Commissioner filed his answer brief on March 12, 2012.  (*See* docket nos. 20-22.)  Plaintiff filed her reply brief on March 27, 2012.  (*See* docket no. 23.)

## STANDARD OF REVIEW

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted).  The Commissioner's findings, "if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g).  "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  It requires more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084 (quotations and citation omitted).  "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]." *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted).  "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quotations and citation omitted).

A five-step evaluation process has been established for determining whether a claimant is disabled.  *See* 20 C.F.R. § 404.1520(a)(4)(i)-(v); *see also Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step process).  If a determination can be made at any one

of the steps that a claimant is or is not disabled, the subsequent steps need not be analyzed. *See* 20 C.F.R. § 404.1520(a)(4).

> Step one determines whether the claimant is presently engaged in substantial gainful activity. If [the claimant] is, disability benefits are denied. If [the claimant] is not, the decision maker must proceed to step two: determining whether the claimant has a medically severe impairment or combination of impairments. . . . If the claimant is unable to show that his impairments would have more than a minimal effect on his ability to do basic work activities, he is not eligible for disability benefits. If, on the other hand, the claimant presents medical evidence and makes the *de minimis* showing of medical severity, the decision maker proceeds to step three.

*Williams*, 844 F.2d at 750-51 (quotations and citations omitted); *see* 20 C.F.R. § 404.1520(a)(4)(i)-(ii).

"Step three determines whether the impairment is equivalent to one of a number of listed impairments that . . . are so severe as to preclude substantial gainful activity . . . . If the impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to benefits. If not, the evaluation proceeds to the fourth step . . . ." *Williams*, 844 F.2d at 751 (quotations and citations omitted); *see* 20 C.F.R. § 404.1520(a)(4)(iii). At the fourth step, the claimant must show that the impairment prevents performance of his "past relevant work." 20 C.F.R. § 404.1520(a)(4)(iv). "If the claimant is able to perform his previous work, he is not disabled." *Williams*, 844 F.2d at 751. If, however, the claimant is not able to perform his previous work, he "has met his burden of proof, establishing a prima facie case of disability." *Id*.

At this point, "[t]he evaluation process . . . proceeds to the fifth and final step." *Id*. At this step, the burden of proof shifts to the Commissioner, and the decision maker must determine

"whether the claimant has the residual functional capacity [("RFC")] . . . to perform other work in the national economy in view of his age, education, and work experience." *Id.*; *see* 20 C.F.R. § 404.1520(a)(4)(v). If it is determined that the claimant "can make an adjustment to other work," 20 C.F.R. § 404.1520(a)(4)(v), he is not disabled. If, on the other hand, it is determined that the claimant "cannot make an adjustment to other work," *id.*, he is disabled and entitled to benefits.

## ANALYSIS

In support of her claim that the Commissioner's decision should be reversed, Plaintiff argues that the ALJ erred by: (1) failing to conclude that Plaintiff's anxiety and depression were severe impairments at step two of the sequential evaluation process, (2) failing to consider Plaintiff's unsuccessful work period in determining Plaintiff's RFC, (3) failing to properly evaluate the credibility of Plaintiff's allegations of pain and determine that her pain was disabling, (4) failing to compare Plaintiff's RFC to the requirements of her past work and the jobs identified by the vocational expert ("VE"), and (5) concluding that Plaintiff retains the RFC to perform light or sedentary work and the jobs identified by the VE. The court will consider those arguments in turn.

### I. Step Two

Plaintiff first argues that the ALJ erred at step two of the sequential evaluation process by failing to conclude that Plaintiff's anxiety and depression were severe impairments. The Tenth Circuit has stated that "a claimant is required to establish, and an ALJ is required to find, only

one severe impairment" at step two.  *See Dray v. Astrue*, 353 Fed. App'x 147, 149 (10th Cir. 2009).  The *Dray* court went on to state:

> By their plain terms, the regulations require a claimant to show only "*a* severe" impairment--that is, *one* severe impairment--in order to avoid a denial of benefits at step two.  As long as the ALJ finds one severe impairment, the ALJ may not deny benefits at step two but must proceed to the next step.  Accordingly, the failure to find a particular impairment severe at step two is not reversible error as long as the ALJ finds that at least one other impairment is severe.

*Id*; *see also* 20 C.F.R. §§ 404.1520(a)(4)(ii); *Oldham v. Astrue*, 509 F.3d 1254, 1256 (10th Cir. 2007).

In this case, the ALJ determined that Plaintiff had several severe impairments at step two. (*See* Tr. 15-16.)  Accordingly, his failure to conclude that Plaintiff's anxiety and depression were severe impairments is not reversible error.  *See Dray*, 353 Fed. App'x at 149.

## II.  Unsuccessful Work Period

Plaintiff asserts that the ALJ erred by failing to consider or discuss Plaintiff's unsuccessful work period in determining Plaintiff's RFC.  That argument is without merit.

Pursuant to the relevant regulation, a claimant engages in an unsuccessful work attempt when she works for a period of six months or less and her impairments force her to stop working or reduce the amount of work she does so that her earnings fall below the substantial gainful activity earnings level.  *See* 20 C.F.R. § 404.1574(c)(1).  However, the Commissioner "will not consider work [the claimaint] performed at the substantial gainful activity earnings level for more

than 6 months to be an unsuccessful work attempt regardless of why it ended or was reduced below the substantial gainful activity earnings level." *Id*. § 404.1574(c)(5).

In this case, Plaintiff's own testimony demonstrates that she worked for a period of over six months, from November of 2005 through May or June of 2006. (*See* Tr. 30.) As such, the ALJ was not required to consider Plaintiff's attempt to work as an unsuccessful work attempt.[1] *See id*. Accordingly, the court concludes that Plaintiff's argument on this point fails.

### III. Pain

Plaintiff argues that the ALJ erred by failing to properly evaluate the credibility of Plaintiff's allegations of pain and determine that her pain was disabling. The court disagrees.

In general, "[c]redibility determinations are peculiarly the province of the finder of fact, and [this court] will not upset such determinations when supported by substantial evidence." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (quotations and citation omitted). Although credibility determinations "should be closely and affirmatively linked to substantial evidence," *id*. (quotations and citation omitted), they "do[] not require a formalistic factor-by-factor recitation of the evidence." *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000).

SSR 96-7p clarifies the standards an ALJ must apply when evaluating the credibility of an individual's statements, including his or her allegations of pain. *See* SSR 96-7p. In addition to

---

[1] In her argument, Plaintiff attempts to transform her work period of over six months into an unsuccessful work attempt. More specifically, Plaintiff asserts that the amendment of her alleged onset date to May 15, 2006, resulted in a less than six month work period during the relevant time period of her disability. Because Plaintiff was forced to stop working because of her impairments, she argues that her work attempt was indeed an unsuccessful work attempt. The court is not persuaded that Plaintiff can, simply by altering her alleged onset date, transform her work period of over six months into an unsuccessful work attempt.

the objective medical evidence, an ALJ should consider the following factors when assessing the credibility of an individual's statements:

> 1. The individual's daily activities;
> 2. The location, duration, frequency, and intensity of the individual's pain or other symptoms;
> 3. Factors that precipitate and aggravate the symptoms;
> 4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms;
> 5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms;
> 6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and
> 7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

*Id*.; *see* 20 C.F.R. § 404.1529(c); *see also Thompson v. Sullivan*, 987 F.2d 1482, 1489 (10th Cir. 1993).

In this case, after considering all the objective and subjective evidence, the ALJ concluded that Plaintiff's allegations of disabling pain were not credible. (*See* Tr. 18-19.) In reaching that conclusion, the ALJ relied upon proper factors. First, the ALJ properly relied upon the fact that evidence of Plaintiff's daily activities was inconsistent with Plaintiff's complaints and her testimony about the degree of her limitations. *See* 20 C.F.R. § 404.1529(c)(3)(i); SSR 96-7p. The ALJ noted that the evidence of record established that Plaintiff was able to independently perform her activities of daily living, including caring for her personal needs, caring for her pets, preparing simple meals, doing light housework and laundry, shopping, doing yard work, taking walks, and using a treadmill. (*See* Tr. 18.) Second, the ALJ noted that the

objective medical evidence established that Plaintiff's medical evaluations had been within normal limits; she had no persistent neural deficits; her diagnostic findings have all been within normal limits; and, on numerous occasions, it had been noted that her pain was controlled with medication.  *See* 20 C.F.R. § 404.1529(c)(3)(iv)-(vi); SSR 96-7p.  (*See* Tr. 19.)  Third, the ALJ relied upon the fact that Plaintiff's impairments had been treated solely with conservative care; Plaintiff had not undergone any surgery, with the exception of a procedure to correct a fractured jaw; and Plaintiff's impairments had not required any extended periods of hospitalization.  *See* 20 C.F.R. § 404.1529(c)(3)(iv)-(vi); SSR 96-7p.  (*See* Tr. 19.)  Finally, the ALJ noted that no physician had ever advised Plaintiff to significantly reduce performance of her activities of daily living.  *See* 20 C.F.R. § 404.1529(c)(3)(i), (v)-(vi); SSR 96-7p.  (*See* Tr. 19.)

To the extent that Plaintiff attempts to reargue the weight of the evidence on this issue, the court emphasizes that it is not this court's role to reweigh the evidence before the ALJ.  *See Madrid*, 447 F.3d at 790.  Indeed, it is the ALJ's role to weigh and resolve evidentiary conflicts and inconsistencies.  *See, e.g.*, *Rutledge v. Apfel*, 230 F.3d 1172, 1174 (10th Cir. 2000); *Eggleston v. Bowen*, 851 F.2d 1244, 1247 (10th Cir. 1988).  From an evidentiary standpoint, the only issue relevant to the court is whether substantial evidence exists in the record to support the ALJ's conclusions.  *See Oldham*, 509 F.3d at 1257 (providing that the court reviewing the ALJ's decision reviews "only the sufficiency of the evidence, not its weight" (emphasis omitted)).

The ALJ articulated sufficient reasoning and relied upon proper factors in determining that, overall, Plaintiff's allegations of disabling pain were not fully credible.  Furthermore, the court concludes that the ALJ's determination is "closely and affirmatively linked to substantial

evidence." *Kepler*, 68 F.3d at 391 (quotations and citation omitted). Accordingly, the court concludes that the ALJ did not err in reaching her determination about the credibility of Plaintiff's allegations of disabling pain.

### IV. Comparison of RFC to Plaintiff's Past Work and the Jobs Identified by the VE

Plaintiff contends that the ALJ erred at step four of the sequential evaluation process by determining that Plaintiff could return to her past relevant work as a hair stylist, a telemarketer, and a receptionist. More specifically, Plaintiff asserts that the ALJ erred by failing to compare Plaintiff's RFC to the requirements of her past work and the jobs identified by the VE.

In order for an ALJ's determination that a claimant can perform her past relevant work to be proper, the ALJ's decision must contain the following findings of fact:

1. A finding of fact as to the individual's RFC.
2. A finding of fact as to the physical and mental demands of the past job/occupation.
3. A finding of fact that the individual's RFC would permit a return to his or her past job or occupation.

SSR 82-62; *see also Winfrey v. Chater*, 92 F.3d 1017, 1023-26 (10th Cir. 1996).

Plaintiff does not argue that the ALJ failed to make the first two required findings. As for the third required finding, the court concludes that the ALJ satisfied his burden of making that finding. The ALJ considered the testimony of the VE, which included a description of the exertional level and skill requirements for the relevant jobs. (*See* Tr. 21-22, 41-42.) After obtaining that testimony, the ALJ posed a hypothetical question to the VE that required consideration of the exertional and skill level demands of the relevant jobs. (*See* Tr. 42.) Based on the VE's response to the hypothetical question, the ALJ concluded that Plaintiff's past work

did not require demands in excess of her RFC. That analysis was sufficient. *See, e.g.*, *Doyal v. Barnhart*, 331 F.3d 758, 760-61 (10th Cir. 2003); *see also Jordan v. Barnhart*, 213 Fed App'x 643, 646 (10th Cir. 2006) (unpublished).

As a final matter on this issue, the court concludes that harmless error is an alternative ground for determining that the ALJ did not err at step four. In addition to determining that Plaintiff could return to her past relevant work as a hair stylist, a telemarketer, and a receptionist, the ALJ noted that Plaintiff could perform a significant number of other jobs in the national economy, including those of a touch-up screener, semiconductor bonder, clerical addressor, medical assembler, small parts assembler, and cashier. As such, any errors that the ALJ may have committed concerning Plaintiff's ability to return to her past relevant work were harmless. *See Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) ("[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination."); *see also Fischer-Ross v. Barnhart*, 431 F.3d 729, 733-34 (10th Cir. 2005) (recognizing applicability of harmless error analysis in Social Security context).

Based on the foregoing, the court concludes that the ALJ did not err in her analysis at step four of the sequential evaluation process.

### V. RFC Determination

In her final argument, Plaintiff asserts that the ALJ erred by concluding that Plaintiff retains the RFC to perform light or sedentary work and the jobs identified by the VE. Plaintiff's argument consists of several points.

First, Plaintiff argues that the ALJ erred by failing to provide a function-by-function analysis to support her RFC determination. That argument fails. Specific, affirmative medical evidence as to each requirement of an exertional work level is not required for the ALJ to determine Plaintiff's RFC within that work category. *See Howard v. Barnhart*, 379 F.3d 945, 949 (10th Cir. 2004) ("We also reject claimant's implicit argument that there must be specific, affirmative, medical evidence on the record as to each requirement of an exertional work level before an ALJ can determine RFC within that category.").

Second, Plaintiff argues that the ALJ did not refer to or distinguish the opinions of Dr. Timothy Grange or Dr. Richard Hall regarding Plaintiff's functional limitations. That argument is directly contradicted by a review of the ALJ's decision. The ALJ specifically discussed, and discounted, the opinions of those two doctors. (*See* Tr. 20-21.) Further, Plaintiff has not challenged the ALJ's treatment of those doctors' opinions. *See Madron v. Astrue*, 311 Fed. App'x 170, 174 n.4 (10th Cir. 2009) (unpublished) (noting that a party's failure to raise an issue in an opening brief results in waiver of that issue); *see also Anderson v. United States Dep't of Labor*, 422 F.3d 1155, 1174 (10th Cir. 2005) ("The failure to raise an issue in an opening brief waives that issue.").

Third, Plaintiff argues that the ALJ did not "point to evidence in the record that would allegedly support her unrealistic estimations of [Plaintiff's] ability to perform physical and mental tasks." (Docket no. 19 at 24.) That argument is also without merit. The ALJ gave persuasive weight to the opinions of the state agency physicians and psychologists, (*see* Tr. 21), which are generally consistent with the ALJ's RFC determination. *See Flaherty v. Astrue*, 515

F.3d 1067, 1071 (10th Cir. 2007) (noting that a non-examining physician is an acceptable medical source, whose opinion the ALJ is entitled to consider) (citing 20 C.F.R. § 404.1513(a)(1). (*See* Tr. 16, 21, 364-74, 470, 476-89.)

Finally, Plaintiff appears to reargue the weight of the evidence before the ALJ on this issue. The court reiterates that it is not the court's role to engage in that analysis. *See Madrid*, 447 F.3d at 790; *Rutledge*, 230 F.3d at 1174; *Eggleston*, 851 F.2d at 1247. Instead, on such an issue, this court is concerned only about the existence of substantial evidence in the record to support the ALJ's determinations. *See Oldham*, 509 F.3d at 1257.

## **CONCLUSION AND ORDER**

Based on the foregoing, **IT IS HEREBY ORDERED** that the Commissioner's decision in this case is **AFFIRMED**.

**IT IS SO ORDERED**.

DATED this 25th day of September, 2012.

BY THE COURT:

_____
DUSTIN B. PEAD
United States Magistrate Judge